VICTORIA HERNÁNDEZ BURGOS, demandante y apelante, *v.* FRANCISCA BURGOS y ELEUTERIO HERNÁNDEZ BURGOS, demandados y apelados.

No. 4505.—*Sometido:* Abril 10, 1929.—*Resuelto:* Enero 22, 1930.

*V. Ortiz León* y *R. A. Arroyo,* abogados de la apelante; *González Fagundo & González Jr.,* abogados de los apelados.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Al terminarse la presentación de la prueba de la demandante, la demandada Francisca Burgos anunció que no tenía prueba que ofrecer, y alegó como cuestión de derecho que la demanda no aducía hechos suficientes para determinar una causa de acción en cuanto a ella, toda vez que los hechos expuestos demostraban una novación del contrato. La corte de distrito adoptó esta teoría y desestimó la acción.

Los hechos alegados en la demanda son, substancialmente, que en 1921 Victoria Hernández Burgos prestó a su madre Francisca Burgos $1,900 y tomó como garantía una hipoteca sobre cierta finca rústica; que en 1922 Francisca Burgos traspasó todos sus bienes a sus dos hijos Eleuterio y Octavio Hernández Burgos, sujetos a las hipotecas pendientes, incluyendo la perteneciente a la demandante; que en 1923, por vía de transacción de un pleito entablado contra los dos hijos y de acuerdo con un convenio celebrado por todas las partes interesadas (Francisca Burgos inclusive) la finca hipotecada fué vendida con el objeto de pagar a la aquí demandante y a otros acreedores; la hipoteca que pesaba sobre la citada finca fué cancelada y la demandante recibió $900 en efectivo y un pagaré por $1,000, otorgado por Francisca Burgos y Eleuterio Hernández Burgos; que poco después la demandante nuevamente prestó a su madre los citados $900 en diferentes plazos con el fin de colocarla en posición de pagar sus contribuciones y llenar otras necesidades suyas, y que en octubre 15, 1925, con el objeto de responder y garantizar dicha cantidad, así como los mil dólares, importe del pagaré, Eleuterio Hernández, autorizado expresamente por su madre Francisca Burgos, en su nombre y representación, otorgó a favor de la demandante un pagaré (describiéndolo) por mil novecientos dólares (1,900), al ser devuelto el pagaré por $1,000 suscrito por Francisca Burgos y Eleuterio Hernández Burgos; y que el pagaré de $1,900 no fué firmado por Fran-

cisca Burgos y sí por su hijo Eleuterio Hernández Burgos porque los bienes de la primera figuraban entonces a nombre del segundo y estaban bajo su administración y gobierno a virtud del traspaso ya mencionado, traspaso que posteriormente resultó ser simulado y fraudulento. *Santini Fertilizer Co.* v. *Burgos,* 34 D.P.R. 869.

Durante la vista del caso Victoria Hernández declaró que Eleuterio firmó el pagaré por $1,000 en vista de que tenía toda la finca; que de los $900 anticipados a Francisca Burgos, $600 eran para pagar una hipoteca, $125 para pagar contribuciones, $40 para comprar zinc para la casa de ella, y $97 para contribuciones; que su madre Francisca Burgos autorizó a Eleuterio Hernández Burgos para que otorgara un pagaré por $1,900 porque éste tenía la finca a nombre de él; que la testigo prestó los $1,900 a su madre Francisca Burgos; que en la primera ocasión la testigo le prestó a ella $1,000 y retuvo $900; que la madre de la testigo le adeudaba $1,900; que de esta cantidad $900 fueron pagados en efectivo y $1,000 fueron garantizados por un pagaré suscrito por Francisca Burgos y Eleuterio Hernández; que el pagaré anterior fué entregado y destruído cuando el nuevo pagaré fué suscrito por Eleuterio Hernández y no por Francisca Burgos porque la madre tenía todo a nombre de su hijo y él era el que hacía y deshacía en la casa de ella; y que ella le indicó que lo firmara para que tuviera más garantía y porque los bienes estaban a su nombre, pero que fué doña Francisca Burgos quien recibió el dinero.

Creemos que el juez sentenciador tomó un aspecto demasiado estrecho del caso.

■ Es cierto que de conformidad con las disposiciones del artículo 1247 del Código Civil, cuando la cuantía de las prestaciones envueltas en la transacción exceda de $300, un poder debe constar por escrito. Si no estuviera ante nos otra cosa que el pagaré por $1,900 otorgado por Eleuterio Hernández y la declaración de Victoria Hernández respecto

a la autorización verbal o poder oral de Francisca Burgos, tal vez podríamos convenir con la corte inferior. Empero, no se trata simplemente de un litigio en cobro de pagaré. Esta es una causa en cobro de dinero recibido por la demandada Francisca Burgos, en calidad de préstamo, de su hija Victoria Hernández. El caso no gira sobre la suficiencia del poder conferido a Eleuterio Hernández para otorgar el pagaré por $1,900, sino más bien sobre la cuestión de novación.

 Aquí también debe admitirse que la entrega y destrucción del primer pagaré de $1,000 suscrito tanto por Francisca Burgos como por Eleuterio Hernández es una circunstancia significativa. Por sí sola bastaría para establecer una novación. No obstante, es prueba *prima facie* solamente de tal intención y una novación es siempre una cuestión de intención. En el presente caso esa intención debe inferirse de todas las circunstancias que rodean el otorgamiento del nuevo pagaré y no meramente del hecho de que tal ctorgamiento fuera verbalmente autorizado, ni del hecho de que el primer pagaré fuera entregado y destruído, ni de estos dos hechos tomados conjuntamente.

El préstamo original de $1,900 fué hecho directamente a Francisca Burgos y garantizado con hipoteca. Cuando los bienes hipotecados fueron vendidos, Victoria Hernández recibió $900 en efectivo y el pagaré por $1,000 suscrito por Francisca Burgos y Eleuterio Hernández. La declaración incontrovertida de Victoria Hernández indica que ninguna parte de la causa (*consideration*) para el otorgamiento de este pagaré pasó de manos de ella como un préstamo a Eleuterio Hernández. De haber éste recibido algo de dicha transacción, debió haberlo recibido de la dueña de los bienes hipotecados, o sea, de Francisca Burgos y no de Victoria Hernández. Sin embargo, todos los bienes pertenecientes a Francisca Burgos estaban en aquella época a nombre de Eleuterio y de Octavio Hernández. El importe de un pagaré otorgado por Francisca Burgos solamente hubiera dependido

de la buena disposición de Eleuterio Hernández y de que estuviese en condiciones de pagar. La conclusión lógica es que Eleuterio Hernández era un mero fiador. De todos modos, si el pagaré era, por su forma, solidario y mancomunado, Francisca Burgos seguía siendo responsable del importe total del mismo. Si solamente era mancomunado, no sólo de hecho sino también por su forma, Eleuterio Hernández era a lo sumo responsable de la cantidad de $500.

Cuando en octubre de 1925 se otorgó el nuevo pagaré por $1,900, la enajenación hecha por Francisca Burgos de todos sus bienes en favor de sus dos hijos Eleuterio y Octavio Hernández ya había sido declara fraudulenta y nula por la corte de distrito y se hallaba pendiente ante esta corte un recurso de apelación. La sentencia de la corte de distrito fué confirmada en enero de 1926. Es lógico asumir que la posibilidad de tal confirmación fué tenida en mente por las partes en el momento de efectuarse la alegada novación. Ellas sabían que el efecto de una confirmación sería privar a los dos hijos de su título aparente, así como de la posesión y administración de los bienes traspasádoles por Francisca Burgos. Sabían, además, que el resultado de una confirmación haría que el nuevo pagaré fuera inservible, al igual que lo sería una obligación suscrita por Francisca Burgos individualmente en caso de una revocación. Resolver que cuando Francisca Burgos ordenó el otorgamiento del nuevo pagaré por Eleuterio Hernández intentó eximirse a sí misma de toda responsabilidad mediante una novación de su contrato original, sería imputar a ella la intención deliberada de defraudar a su hija Victoria. Es axiomático que nunca debe presumirse una intención fraudulenta. La única prueba sobre el particular revela un propósito claro por parte de la madre de convertir a su hija Victoria en una acreedora preferente.

Nuestra conclusión es que la intención de todas las partes interesadas fué convertir al aparente dueño de los bienes en

deudor aparente, y no efectuar una novación de la obligación preexistente.

Todavía está pendiente una moción para desestimar la presente apelación, fundada en que el escrito de apelación no fué notificado al demandado Eleuterio Hernández. El era una parte nominal, aunque propia. No era ni una parte necesaria ni adversa. Se solicitaba una sentencia contra Francisca Burgos solamente. La corte inferior declaró sin lugar la acción en su totalidad; no obstante la rebeldía de Hernández. La apelante no trata de obtener la revocación de esa sentencia en tanto en cuanto se refiere al demandado Hernández. Una revocación en cuanto a la demandada Francisca Burgos y el dictar esta corte en su lugar una sentencia no afectará el *status* actual del demandado Eleuterio Hernández. Aun si la acción no hubiese sido declarada sin lugar en cuanto a él, una revocación de la sentencia declarando sin lugar la demanda en lo que a Francisca Burgos se refería y el dictarse una sentencia solamente contra ella, tendería a eliminar cualquier cuestión de responsabilidad por parte de Hernández, y hasta ese extremo el resultado sería favorable a él.

*Debe declararse sin lugar la moción de desestimación y revocarse la sentencia apelada.*