**JORGE RIVERA SURILLO & CO., INC., Plaintiff,**

v.

**CERRO COPPER PRODUCTS COMPANY, Defendant.**

**Civ. No. 91–2631 (DRD).**

United States District Court, D. Puerto Rico.

May 8, 1995.

Rafael Baella–Silva and Maria Del Carmen Garcia–Garcia, Baella & Barcelo, San Juan, PR, for Jorge Rivera Surillo & Co.

Jacqueline D. Novas–Debien, Dept. of Justice, Federal Litigation Div., and Salvador Antonetti–Zequeira, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for Cerro Cooper Products Co.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

This is an action for damages brought by Jorge Rivera Surillo & Co., Inc., hereinafter referred to as "JRS", under the provisions of Act no. 75 of June 24, 1964 as amended, P.R. Laws Ann. tit. 10, § 278 et. seq., otherwise known as Puerto Rico Dealers Act. "JRS" requests recovery of damages from Cerro Copper Products Inc., hereinafter referred to as "Cerro Copper", for its alleged impairment of a distributorship relationship existing between the parties.

Before this Court's consideration are two dispositive motions filed by "Cerro Copper". In May 22, 1992 "Cerro Copper" filed a Motion to Dismiss and/or for Summary Judgment **(Docket # 9)** moving for the entry of summary judgment and for the dismissal of plaintiff's claims under Law 75 alleging plaintiff "JRS" is not a "dealer" and hence not protected by the provisions of the Dealers Act. In July 27, 1993 "Cerro Copper" filed a Motion for Partial Summary Judgment as to Second Claim **(Docket # 25)** alleging that there has not been a breach of contract by defendant as alleged by plaintiff on the second claim based upon extinctive novation of the alleged dealership contract and that therefore summary judgment should be entered in "Cerro Copper's" favor. Various oppositions and replies have been filed in response to these two motions.[1]

In resolving both motions filed by "Cerro Copper" the Court acknowledges the stan-

---

1. Opposition to Motion to Dismiss and/or for Summary Judgment, **Docket # 16**, Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss and/or for Summary Judgment, **Docket** # 20, Opposition to Defendant's Motion for Partial Summary Judgment as to Second Claim, **Docket # 28**, and Reply Memorandum, **Docket** # 33.

dard for solving motions for summary judgment which is hereinbelow summarized.

## STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." F.R.Civ.P. Rule No. 56(c). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The opposing party must then designate specific facts that show that there is a genuine triable issue. *Celotex* 477 U.S. at 324, 106 S.Ct. at 2553.

A fact is material if, under applicable substantive law, it may affect the result of the case. *Ortega–Rosario v. Alvarado–Ortiz*, 917 F.2d 71 (1st Cir.1990). A dispute is genuine only if there is conflicting evidence that requires a trial to resolve the discrepancy. *Ortega–Rosario* 917 F.2d at 71. A court should deny a motion for summary judgment if the dispute about a material fact is genuine when, based on the evidence, a reasonable jury could return a verdict for the nonmoving party. *Woods v. Friction Materials, Inc.*, 30 F.3d 255, 259 (1st Cir.1994). See also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In determining whether summary judgment is warranted, the Court views the facts alleged in the light most favorable to the nonmoving party and must indulge all inferences in favor of that party. See *Le Blanc v. Great American Insurance*, 6 F.3d 836, 841 (1st Cir.1993) cert. denied — U.S. ——, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994); *Mottolo v. Fireman's Fund Insurance Co.*, 43 F.3d 723, 725 (1st Cir.1995); *Lydia Libertad, et al. v. Patrick Welch, et al.*, 53 F.3d 428 (1st Cir. 1995); *Rossy v. Roche Products, Inc.*, 880 F.2d 621, 624 (1st Cir.1989); *John & Kostas Service Station, Inc. v. Cumberland Farms, Inc.*, 948 F.2d 821 (1st Cir.1991).

The party opposing the motion for summary judgment can not rely on "mere allegations or denials" of the pleadings. F.R.Civ.P. Rule No. 56(e). Rather, the opposing party must be able to show by affidavits, depositions, answers, and admissions in the record that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553.

As to issues upon which the nonmovant has the burden of proof, the movant need do no more than aver "an absence of evidence to support the nonmoving party's case". *Celotex v. Catrett*, 477 U.S. at 325, 106 S.Ct. at 2554. The burden of production then shifts to the nonmovant, who, to avoid summary judgment, must establish the existence of at least one question of fact that is *both* "genuine" and "material". See *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The nonmovant, however, may not rest upon mere denial of the pleadings. Fed.R.Civ.P. no. 56. See *Mottolo*, supra at 3.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A material fact is one that might affect the outcome of the suit under the governing law. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990) (emphasis in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242. 247–248, 106 S.Ct. 2505, 2509–2510, 91 L.Ed.2d 202 (1986) (citations omitted). Also see *Woods v. Friction Materials, Inc.*, 30 F.3d 255, 259 (1st Cir.1994). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

## DISCUSSION

*Motion to Dismiss and/or for Summary Judgment*

In its Motion to Dismiss and/or for Summary Judgment "Cerro Copper" argues that

the products which are the subject of the distributorship relationship (copper tubing) are generic commodities and hence no market based on goodwill may be established. "Cerro Copper" bases its argument in the case of *PPM Chemical Corp. of P.R. v. Saskatoon Chemical Ltd.*, 90 D.C.O. 117, 1990 WL 98404 (D.P.R., Pieras, J., June 29, 1990). "Cerro Copper" argues that plaintiff is not a dealer under Act 75; hence the law is inapplicable to the case at bar, authorizing the Court to enter summary judgment as requested.

Plaintiff has submitted together with its opposition to the motion a certificate of the trademark register, sworn statements, and Answers to interrogatories with the intention of establishing that the product does qualify under Act no. 75 enabling plaintiff to be regarded as a "dealer" under the Act. Since outside documents have been incorporated to the Motion to Dismiss and/or for Summary Judgment the Motion is considered to be a Summary Judgment Motion. *Garita Hotel Ltd. v. Ponce Federal Bank*, 958 F.2d 15, 18–19 (1st Cir.1992).

■ Act no. 75 states in pertinent part that a dealer is a "person actually interested in a dealer's contract because of his having effectively in his charge in Puerto Rico *the distribution, agency, concession or representation of a given merchandise or service*". See P.R. Laws Anno. tit. 10 § 278(b). Act 75 does not define dealer in terms of the merchandise but in terms of the person's activities in relation to the merchandise or service. That is: does the person distribute, act as an agent, act as a concessionaire or as a representative of a given merchandise or service. Section 278(b) defines a dealer's contract as a relationship in which a dealer effectively has the responsibility of distributing certain merchandise, or of the rendering of a service, by concession or franchise. Pursuant to section 278(b), the person should be responsible of the distribution either in the form of a con-

cession or of a franchise. In *EBI, Inc. v. Gator Industries, Inc.*, 807 F.2d 1, 2 (1st Cir.1986) the Circuit Court assessed plaintiff's lack of capacity to call himself a dealer under Act No. 75. The Court expressed that under the facts presented therein plaintiff "maintained no inventories, had no investment in warehouse or other facilities, had no responsibility for shipment or delivery, engaged in no advertising or formal promotion, and assumed no credit risk".

■ Furthermore the Court stated in *EBI, Inc.*, supra, that plaintiffs' effort therein included "only one out of eight activities" which had been previously considered by the Supreme Court of Puerto Rico upon deciding other Act 75 cases.[2] The eight activities relied upon to ascertain dealership status under the law are "in general terms"[3] the following: (1) activities necessary to the transportation of the products or services from the manufacturer to the consumer or to some point in between; (2) publicity; (3) market coordination; (4) merchandise deliveries; (5) collections; (6) the keeping of an inventory; (7) promotion, and (8) closing of sales contracts.

Therefore, under *EBI, Inc.* and the Puerto Rican cases cited therein, facts would have to be evaluated on the eight activities of the agent to determine dealership status.

■ The grounds upon which defendant requests that summary judgment be granted are related to the absence of the criteria of publicity of the product, promotion and closing of sales contracts. "Cerro Copper" states that the products are not products for which a market may be established based on goodwill, making publicity, promotion and closing of sales contracts unnecessary. However, the absence of one or two or a few of the activities of a dealer is not sufficient grounds to sustain that the person is not a dealer. It may well be the case that plaintiff

**2.** *J. Soler Motors, Inc. v. Kayser Jeep International Corp.*, 8 P.R. Supreme Court Official Translations 138, 108 D.P.R. 134 (1978); *San Juan Mercantile Corp. v. Canadian Transport Co.*, 8 P.R. Supreme Court Official Translations 218, 108 D.P.R. 134 (1978); and *Córdova & Simonpietri Insurance Agency v. Crown American Insurance Co.*, 12 P.R. Supreme Court Official Translations 1003, 112 D.P.R. 197 (1987).

**3.** *EBI, Inc. v. Gator Industries*, 807 F.2d at p. 3 quoting from the Supreme Court of Puerto Rico in *San Juan Mercantile v. Canadian Transport Co.*, supra.

invests on inventories or facilities, as factually ascertained by plaintiff, has responsibilities for credit, collections, shipment or deliveries, etc. and notwithstanding the absence of publicity, promotional activities and contract closing, plaintiff may be considered a "dealer" under the act. See *EBI, Inc.*, supra, *San Juan Marine v. Canadian Transport Co.*, 103 D.P.R. 211 (1978); *Cobos Licia v. Dejean Packing*, 124 D.P.R. 896 (1989); *Roberco, Inc. y Colón v. Oxford Inds., Inc.*, 122 D.P.R. 115 (1988); *Medina & Medina v. Country Pride*, 122 D.P.R. 172 (1988), and *Ramos v. Brother International Corp.*, 588 F.2d 817 (1st Cir.1978). The Supreme Court of Puerto Rico in *Roberco Inc. y Colón v. Oxford Inds., Inc.* supra at p. 131–132 expressly stated that the eight criteria enumerated above are not an exhaustive enumeration of all the criteria under the law and no one criteria is determinant nor is any criteria entitled to more weight and is more important than the others. Hence, the absence of one or more criteria is not per se determinative. *Sudouest Import Sales Corp. v. Union Carbide Corp.*, 732 F.2d 14, 16 (1st Cir.1984); *Roberco, Inc. y Colón v. Oxford Inds., Inc.* at p. 132.[4]

Finally, there is a genuine issue of material fact regarding the matter of publicity and goodwill since plaintiff has produced documents which may tend to establish before a jury that the copper tubing is sold under a registered trademark, service mark or brand, and that therefore the same may be the subject of a market based on goodwill which plaintiff has created. It is not clear and there is doubt whether the product is associated to a trademark or brand. Plaintiff has also submitted sworn statements and other documentary evidence tending to establish before a jury that the dealer created a favorable market in Puerto Rico for the copper tubing by promoting and closing sales contracts. See *Cobos Licia v. Dejean Packing Co.*, 124 D.P.R. 896 (1989).

The instant case is distinguishable from *PPM Chemical Corp. of P.R., Inc. v. Saskatoon Chemical Ltd.*, supra, in that in the instant case there is a controversy regarding the association of the product with a trademark, servicemark or any other type of mark, while in *PPM Chemical Corp. of P.R., Inc. v. Saskatoon Chemical Ltd.*, supra, the product was not associated with trademarks, service marks or any type of brand. Further, the product sold has a brand name, registered or not, "Cerro", which may be susceptible to the creation of a market.

We are not deciding that "JRS" is a dealer or that it is not a dealer. The Court is precluded from making this decision in a summary manner because there are facts in controversy as to the trademark or brand associated with the product. Such controversy being present, the court must evaluate the facts in the light most favorable to the non-movant. *Le Blanc*, supra.

In light of the above the Motion to Dismiss and/or for Summary Judgment is hereby **DENIED.**

*Motion for Partial Summary Judgment as to Second Claim*

In its Motion for Partial Summary Judgment as to Second Claim defendant seeks that the Court enter a partial summary judgment in its favor because allegedly there has not been a breach of contract. Defendant alleges that Act 75 has never applied to the relationship between the parties, and that previous agreements between the parties, dated 1975 and 1978, were novated by virtue of the Commission Agreement of 1991 under which defendant could lawfully terminate its relation with "JRS". Allegedly, "JRS" claims that "Cerro Copper" has breached the terms of previous agreements which were novated by the 1991 agreement. The agreements dated 1975 and 1978 have not been produced. *Plaintiff is ordered to produce the same within the next twenty (20) days. Should plaintiff not produce the agreements, the Court may apply the evidentiary presumptions authorized by law.*

"Cerro Copper" claims that the 1991 agreement novated the two prior agreements and that therefore it replaced them. Essentially defendant alleges that the previous obligations between the parties were novated

---

4. The enumeration of criteria, to determine dealership made by the Supreme Court of Puerto Rico is numerus apertus and not numerus clausus.

since: (1) the new contract dealt specifically with the same subject as the previous contracts; (2) it was given a defined (strict) lifespan (clearly showing that it was not merely a renewal of the former), and (3) it was incompatible in all forms to the previous contracts (changed both the commission structure and the responsibilities of each party).

"JRS" on the other hand submits to the Court a different version of facts establishing in essence that there was no extinctive novation since the "Commission Agreement" of May 1991 constituted the written commitment of what "Cerro Copper" had promised orally in 1984: an increase in the commission rates that "JRS" would receive. "JRS" insists that all other terms of the contract, which it deems to be a dealership contract, remained the same and that there was only an increase in the commission rate, that "JRS" continued to be in charge of the same "dealership" tasks it had endeavored throughout its business relationship with "Cerro Copper", until the same was terminated in December, 1992.

 We start by recognizing that changes in commissions, increases or decreases, do not have a novative effect. *G. & J., Inc. v. Doré Rice Mill, Inc.*, 108 D.P.R. 89 (1978).

■ The novation of an agreement is primarily an issue of motive and intent of the parties. *Ballester Hermanos, Inc. v. Campbell Soup Co.*, 797 F.Supp. 103, at 107 (D.P.R.1992), *Francisco Garraton, Inc. v. Lanman & Kemp–Barclay & Co.*, 559 F.Supp. 405, 407 (D.P.R.1983), *Warner Lambert Co. v. Tribunal Superior*, 101 D.P.R. at 389, and *Hernández v. Burgos*, 40 D.P.R. 460, 463 (1930). On issues of motive and intent, essential elements of novation, trial courts are to observe a "cautious approach" upon evaluating summary judgment motions. *Coll v. PB Diagnostic Systems, Inc.*, 50 F.3d 1115 (1st Cir.1995) and *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 109 (1st Cir. 1988).

Considering that allegedly the 1991 agreement novated extinctively the agreements of 1975 and 1978, that the two agreements (1975 and 1978) have not been produced to the Court and further that on issues of "motive and intent", essential elements of novation, trial courts in resolving summary judgment motions are to observe a "cautious approach", *Coll v. PB Diagnostic Systems, Inc.*, 50 F.3d 1115 (1st Cir.1995) and *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 109 (1st Cir.1988), the Motion for Partial Summary Judgment as to Second Claim is hereby **DENIED** without prejudice.[5] Defendant may insist on this motion once provided with the 1975 and 1978 contracts which are to be produced by plaintiff within the next twenty days.

WHEREFORE, both dispositive motions filed by defendant in the instant case, **Docket # 's 9 and 25,** are hereby **DENIED.**

IT IS SO ORDERED.

---

**5.** To the extent that this Motion is also cauched upon plaintiff's alleged lack of dealership status, Reply Memorandum of defendant, **Docket # 33,** the same is also denied for the reasons stated in the first section of this opinion.