**ABLE INTERNATIONAL CORP.,**
**Plaintiff, Appellant,**

v.

**B.P. CHEMICALS AMERICA,**
**INC., Defendant, Appellee.**

**No. 97–1547.**

United States Court of Appeals,
First Circuit.

Heard Nov. 4, 1997.

Decided June 11, 1998.

Harry Anduze–Montano, with whom Andres Guillemard–Noble and Nachman, Santiago & Guillemard were on brief for appellant.

John F. Malley III, with whom McConnell Valdes was on brief for appellee.

Before LYNCH, Circuit Judge, CYR, Senior Circuit Judge, and DiCLERICO *, District Judge.

CYR, Senior Circuit Judge.

Able International Corp. brought the present action for damages in the United States District Court for the District of Puerto Rico claiming that B.P. Chemicals America, Inc. ("BP") violated Act No. 21 of December 5, 1990, P.R. Laws Ann. tit. 10, §§ 279–279h (hereinafter "Law 21"), by terminating Able as its exclusive sales agent for barex resins in the Caribbean area. BP moved to dismiss on the ground that Law 21 is inapplicable to

---

* Of the District of New Hampshire, sitting by designation.

sales representation agreements formed prior to December 6, 1990. *See id.*

Able then submitted an amended complaint incorporating various documents—generated by BP in 1991, after Law 21 took effect—relating to two orders for barex resins which Able obtained from Rovipack International while the latter was experiencing acute financial problems. Able maintained that the amendatory documents evinced a tacit "extinctive novation" of the 1988 sales representation agreement by shifting from BP to Able the financial risk entailed in releasing the two barex resin shipments to Rovipack in 1991. As a result, Able argued, the substituted sales representation agreement·entered into in 1991 became subject to Law 21.

A magistrate judge converted the motion to dismiss and recommended summary judgment for BP, *see* Fed.R.Civ.P. 56(c), on the ground that the amendatory documents demonstrated, at most, an intention to vary the 1988 sales representation agreement (i) in regard to only two barex resin shipments and (ii) solely in response to Rovipack's acute financial problems. The district court entered summary judgment for BP and Able appealed.

# I

## *DISCUSSION*

 It was up to Able to proffer sufficient competent evidence to generate a trialworthy issue on its novation claim. *See Union Mut. Life Ins. Co. v. Chrysler Corp.*, 793 F.2d 1, 13 (1st Cir.1986) (novation is an affirmative defense within scope of Fed.R.Civ.P. 8(c)); *see also Nieves Domenech v. Dymax Corp.*, 952 F.Supp. 57, 62–64 (D.P.R.1996) (discussing "extinctive novation" claim under Puerto Rico law).[1] Accordingly, we must inquire, *de novo, see Doyle v. Paul Revere Life Ins. Co.*, 144 F.3d 181, 183 (1st Cir. 1998), whether· the evidence proffered by

Able would permit a rational trier of fact to find that the revised financial terms governing BP's acceptance of the two purchase orders Able obtained from Rovipack after the enactment of Law 21 were " 'absolutely incompatible' " with the original 1988 sales representation agreement, *FDIC v. P.L.M. Int'l, Inc.*, 834 F.2d 248, 251 (1st Cir.1987) (quoting *Francisco Garraton, Inc. v. Lanman & Kemp–Barclay & Co.*, 559 F.Supp. 405, 407 (D.P.R.1983)), thereby giving rise to a tacit extinctive novation governed by Law 21. Like the district court, we conclude that Able failed to meet its burden of production in opposition to summary judgment.

For one thing, Able merely maintained that Rovipack was its "main" barex resin customer in Puerto Rico, but proffered no competent evidence that Rovipack was its *only* customer, either in Puerto Rico or elsewhere in the Caribbean. Moreover, at oral argument on appeal Able attempted instead to foist upon BP the responsibility for proffering evidence that Able had developed other barex resin customers for BP. As we have seen, however, it was for Able to proffer the evidence required to generate a trialworthy issue on its novation claim. *See Union Mut. Life Ins. Co.*, 793 F.2d at 13.

Nor· were these evidentiary omissions mere procedural lapses, particularly since the 1988 sales representation agreement explicitly obligated Able "to use its best efforts to promote the sales of and solicit orders for [barex resins] and otherwise provide sales coverage satisfactory to [BP] in the Caribbean Islands (excepting Cuba) and Surinam." Agreement at ¶ 4(a). Rather, these omissions precluded any trialworthy showing that the amendatory documents generated by BP in 1991—requiring Able to pay BP in advance for the two barex resin orders thereafter obtained from Rovipack—were " 'absolutely incompatible' " with the 1988 sales representation agreement, *see P.L.M. Int'l,*

---

1. Able unhelpfully maintained below that despite an explicit provision in the *1988* sales representation agreement requiring the application of Ohio law, Puerto Rico law·should govern if the court were to conclude that no novation had occurred. As this reasoning conspicuously presumed that Able's novation claim would fare no

differently under the law of either jurisdiction, and we have verified as much, *see, e.g., Federal Land Bank v. Taggart*, 31 Ohio St.3d 8, 508 N.E.2d 152, 157–58 (1987); *Grant–Holub Co. v. Goodman*, 23 Ohio App. 540, 156 N.E. 151, 153–54 (Ohio Ct.App.1926), we simply apply Puerto Rico law.

*Inc.,* 834 F.2d at 251, since the revised terms (i) in no way affected orders from any other barex resin customers—existing or prospective—which Able developed for BP under their exclusive agency agreement and (ii) left the 1988 sales representation agreement wholly intact *in all other respects* even as regards orders obtained from Rovipack. Rather than evincing a mutual intention to enter into a new contractual relationship "completely incompatible" with the 1988 sales representation agreement, the amendatory documents issued by BP in 1991 relating to orders from Rovipack *plainly affirmed and facilitated the continuation* of BP's exclusive sales agency agreement with Able, without in any way disturbing its original terms in relation to other barex resin customers theretofore or thereafter obtained by Able. Accordingly, we cannot conclude that Able succeeded in generating a trialworthy claim that these amendatory documents worked " 'such a radical change … when compared with the [original agreement] as to make them mutually [exclusive] and unable to coexist.' " *Id.* at 251 (quoting *Francisco Garraton, Inc.,* 559 F.Supp. at 407).

## II

### CONCLUSION

As the parties acknowledge that Law 21 does not apply retroactively to their 1988 sales representation agreement, and since Able failed to generate a trialworthy issue relating to its extinctive novation claim, *the district court judgment must be affirmed; costs to appellee.*

*SO ORDERED.*