USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

No. 97-1547

 ABLE INTERNATIONAL CORP.,

 Plaintiff, Appellant,

 v.

 B.P. CHEMICALS AMERICA, INC.,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Daniel R. Dominguez, U.S. District Judge]

 

 Before

 Lynch, Circuit Judge,

 Cyr, Senior Circuit Judge,

and DiClerico, District Judge.

 

 Harry Anduze-Montano, with whom Andres Guillemard-Noble and
Nachman, Santiago & Guillemard were on brief for appellant.
 John F. Malley III, with whom McConnell Valdes was on brief for
appellee.

 
 June 11, 1998

 CYR, Senior Circuit Judge. Able International Corp.
brought the present action for damages in the United States
District Court for the District of Puerto Rico claiming that B.P.
Chemicals America, Inc. ("BP") violated Act No. 21 of December 5,
1990, P.R. Laws Ann. tit. 10, 279-279h (hereinafter "Law 21"),
by terminating Able as its exclusive sales agent for barex resins
in the Caribbean area. BP moved to dismiss on the ground that Law
21 is inapplicable to sales representation agreements formed prior
to December 6, 1990. See id.
 Able then submitted an amended complaint incorporating
various documents ÄÄ generated by BP in 1991, after Law 21 took
effect ÄÄ relating to two orders for barex resins which Able
obtained from Rovipack International while the latter was experi
encing acute financial problems. Able maintained that the
amendatory documents evinced a tacit "extinctive novation" of the
1988 sales representation agreement by shifting from BP to Able the
financial risk entailed in releasing the two barex resin shipments
to Rovipack in 1991. As a result, Able argued, the substituted
sales representation agreement entered into in 1991 became subject
to Law 21.
 A magistrate judge converted the motion to dismiss and
recommended summary judgment for BP, see Fed. R. Civ. P. 56(c), on
the ground that the amendatory documents demonstrated, at most, an
intention to vary the 1988 sales representation agreement (i) in
regard to only two barex resin shipments and (ii) solely in
response to Rovipack's acute financial problems. The district
court entered summary judgment for BP and Able appealed.

 I

 DISCUSSION

 It was up to Able to proffer sufficient competent
evidence to generate a trialworthy issue on its novation claim. 
See Union Mut. Life Ins. Co. v. Chrysler Corp., 793 F.2d 1, 13 (1stCir. 1986) (novation is an affirmative defense within scope of Fed.
R. Civ. P. 8(c)); see also Nieves Domenech v. Dymax Corp., 952 F.
Supp. 57, 62-64 (D.P.R. 1996) (discussing "extinctive novation"
claim under Puerto Rico law). Accordingly, we must inquire, denovo, see Doyle v. Paul Revere Life Ins. Co., No. 97-1275, slip op.
at 2 (1st Cir. June 2, 1998), whether the evidence proffered by Able
would permit a rational trier of fact to find that the revised
financial terms governing BP's acceptance of the two purchase
orders Able obtained from Rovipack after the enactment of Law 21
were "'absolutely incompatible'" with the original 1988 sales
representation agreement, FDIC v. P.L.M. Int'l, Inc., 834 F.2d 248,
251 (1st Cir. 1987) (quoting Francisco Garraton, Inc. v. Lanman &
Kemp-Barclay & Co., 559 F. Supp. 405, 407 (D.P.R. 1983)), thereby
giving rise to a tacit extinctive novation governed by Law 21. 
Like the district court, we conclude that Able failed to meet its
burden of production in opposition to summary judgment.
 For one thing, Able merely maintained that Rovipack was
its "main" barex resin customer in Puerto Rico, but proffered no
competent evidence that Rovipack was its only customer, either in
Puerto Rico or elsewhere in the Caribbean. Moreover, at oral
argument on appeal Able attempted instead to foist upon BP the
responsibility for proffering evidence that Able had developed
other barex resin customers for BP. As we have seen, however, it
was for Able to proffer the evidence required to generate a
trialworthy issue on its novation claim. See Union Mut. Life Ins.
Co., 793 F.2d at 13.
 Nor were these evidentiary omissions mere procedural
lapses, particularly since the 1988 sales representation agreement
explicitly obligated Able "to use its best efforts to promote the
sales of and solicit orders for [barex resins] and otherwise
provide sales coverage satisfactory to [BP] in the Caribbean
Islands (excepting Cuba) and Surinam." Agreement at 4(a). 
Rather, these omissions precluded any trialworthy showing that the
amendatory documents generated by BP in 1991 ÄÄ requiring Able to
pay BP in advance for the two barex resin orders thereafter
obtained from Rovipack ÄÄ were "'absolutely incompatible'" with the
1988 sales representation agreement, see P.L.M. Int'l, Inc., 834
F.2d at 251, since the revised terms (i) in no way affected orders
from any other barex resin customers ÄÄ existing or prospective ÄÄ
which Able developed for BP under their exclusive agency agreement
and (ii) left the 1988 sales representation agreement wholly intact
in all other respects even as regards orders obtained from
Rovipack. Rather than evincing a mutual intention to enter into a
new contractual relationship "completely incompatible" with the 1988
sales representation agreement, the amendatory documents issued by
BP in 1991 relating to orders from Rovipack plainly affirmed andfacilitated the continuation of BP's exclusive sales agency
agreement with Able, without in any way disturbing its original
terms in relation to other barex resin customers theretofore or
thereafter obtained by Able. Accordingly, we cannot conclude that
Able succeeded in generating a trialworthy claim that these
amendatory documents worked "'such a radical change . . . when
compared with the [original agreement] as to make them mutually
[exclusive] and unable to coexist.'" Id. at 251 (quoting Francisco
Garraton, Inc., 559 F. Supp. at 407).

 II

 CONCLUSION

 As the parties acknowledge that Law 21 does not apply
retroactively to their 1988 sales representation agreement, and
since Able failed to generate a trialworthy issue relating to its
extinctive novation claim, the district court judgment must beaffirmed; costs to appellee.
 SO ORDERED.