Eddie **SANDOVAL DIAZ**, et al. **Plaintiffs**

v.

**Felix J. SANDOVAL OROZCO**, **Defendant**

No. CIV.01–1022(JAG/GAG).

United States District Court, D. Puerto Rico.

Nov. 24, 2003.

---

Eduardo René Estades, San Juan, PR, for Plaintiffs.

Ricardo Ruiz–Díaz, Fajardo, PR, for Defendants.

## OPINION & ORDER

GELPI, United States Magistrate Judge.

This is an action for contribution brought by Eddie Sandoval Díaz ("Sandoval") and his wife, María Zayas Colón ("Zayas") (collectively referred to as "plaintiffs") against Felix J. Sandoval Orozco ("defendant"). The plaintiffs claim that defendant, a former officer and shareholder of Bingo Distributors, Inc., ("Bingo Inc.") failed to pay certain corporate debts acquired by Bingo, Inc., totaling $173,438.45. Plaintiffs bring this action pursuant to P.R. Laws. Ann. tit. 31 § 3109. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Docket No. 28).

The defendant now moves, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, for judgment as a matter of law with respect to plaintiffs' claims. The issues presented are whether plaintiffs' claims are time-barred, whether the agreement executed between Sandoval and Banco Santander, Inc. constituted a novation that extinguished defendant's debt, and whether plaintiffs have failed to establish a genuine issue of material fact with respect to defendant's liability.

## I. Factual Background

Like the start of most business between friends, the parties here were hopeful that their new company would bring them profit and prosperity. Bingo Distributors was incorporated under the laws of Puerto Rico on December 31, 1982, with the primary purpose of selling and distributing equine food, nutrition supplements, and veterinary supplies. (See Docket 88, Exhibit I). The certificate of incorporation lists Sandoval, Zayas, and defendant as incorporators, with Sandoval and defendant each owning 49% of the corporation's stock. Id.

On February 21, 1985, Bingo, Inc. was issued a $90,000 note from Banco Santander, Inc. ("Bank") with Sandoval and defendant signing for the corporation. The funds were used to purchase equipment and supplies for Bingo, Inc. (See Docket 90, p. 9, ¶ 4; 81, p. 2 ¶ 3). On September 22, 1987, the Roig Commercial Bank of Hato Rey issued Sandoval and defendant a $15,000 note. (See Docket 88, Exhibit VIII). The note was not issued to Bingo, Inc., but to Sandoval and defendant as individuals. It is uncontested that the funds from the 1987 loan were used to keep Bingo, Inc. afloat. (See Docket 90, p. 9, ¶ 4; 81, p. 3 ¶ 5). Later that year, Sandoval and defendant's personal relationship began to deteriorate, as did their business relationship and the stability of Bingo, Inc. At some point thereafter, defendant decided to end his involvement with Bingo, Inc. (See Docket 81, p. 3 ¶ 5) (the record is unclear as to exactly when this happened), and defendant moved to Kissammee, Florida.

In 1990, Bank issued letters to Sandoval, Zayas demanding payment on the Bingo, Inc. note. On December 3, 1990, Sandoval sent a letter to Mr. Humberto Rodríguez at Bank acknowledging his financial obligations and proposing a payment schedule for the outstanding loans. (See Docket 88, Exhibit II, p. 1, ¶ 1). Sandoval's proposed terms were rejected, but he and Bank negotiated a new loan. On September 18, 1991, Bank and Sandoval executed a note in the amount of $418,000. ("1991 note"). This note is not contained in the record. Bank's loan approval letter, however, stated that Sandoval was to use the funds for "... settl[ing] debts granted to [him] and related corporations." Id. Sandoval's payments on the 1991 note are not contained in the record.

On April 2, 1991, Bank issued a letter addressed to Sandoval's wife, Mrs. María Zayas, regarding: "Bingo Distributors, Inc., Eddie Sandoval–Díaz, Establo Hípico, Inc., and M.E.S. and R. Inc." (*See* Docket 88, Exhibit IV). The letter stated that Bank had not received payment on the following loans:

1. BINGO DISTRIBUTORS, INC.
   Principle: 90,000.00
   Interest on 03–28–91: 1,852.50
   Expired since July 7, 1989
   Overdraft account 005–026453 143,952.82

2. EDDIE SANDOVAL–DIAZ
   Principal: 71,000.00
   Interest on 03–28–91: 332.62
   Expired since February 25, 1990

   Principal: 25,000.00
   Interest on 03–28–91: 80.14
   Expired since June 26, 1990

2. ESTABLO HIPICO, INC.
   Principal: 18,100.00
   Interest on 03–28–91: 174.21
   Expired since February 26, 1990
   Overdraft account 005–007631 3,253.35

3. SUMA DE PR, INC.
   Principal: 20,778.86
   Interest on 03–28–91: 315.15
   Expired since January 31, 1990
   Overdraft account 005–009725 2,565.11

4. EDDIE SANDOVAL–DIAZ
   Principal: 4,672.50
   Interest: 1.28
   Expires on June 1, 1990 guarantee C.D.

   Principal: 24,900.55
   Interest on 04–21–91: 31.73
   Expires on May 13, 1991 guarantee C.D.

(*See* Docket 88, Exhibit IV). Sandoval received an identical letter. (*See* Docket 81, p. 3 ¶ 5). The record does not clarify whether the April 2, 1991 letter from Bank was in reference to Sandoval's multiple outstanding loans, including the 1985 Bingo, Inc. note, or in reference to Sandoval's September 1991 note, which he obtained from Bank to pay off various existing debts.

Defendant does not contest his status as a joint debtor with respect to the 1985 Bingo, Inc. note. He does, however, deny knowledge of Sandoval's attempt to settle the 1985 Bingo, Inc. note with funds obtained from Sandoval's September, 1991 note from Bank. (*See* Docket 81, p. 2 ¶ 4).

## II. Standard of Review

*Summary Judgment Standard* [1]

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). When deciding a motion for summary judgment, the court must view the record in the light most favorable to the party opposing summary judgment, including all reasonable inferences in the nonmoving party's favor. *See id.* "If, after canvassing the material presented, the district court finds *some* genuine factual issue remains in the case, whose resolution one way or the other *could* affect its outcome, the court must deny the motion." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III. Applicable Law and Analysis

### A. Statute of Limitations

■ Defendant argues that he is entitled to judgment as a matter of law because plaintiffs' cause of action is time-barred pursuant to Article 946 of the Commerce Code, P.R. Laws Ann. tit. 10 § 1908. Under said provision, a plaintiff is required to file an action within three (3)

---

1. The Court notes that all parties have complied with Local Rule 56, formerly Local Rule 311.12.

years after maturity of the promissory note and loan agreement. *Id.; FDIC v. Consol. Mortgage and Fin. Corp.,* 805 F.2d 14, 18 (1st Cir.1986). According to defendant, the present action is based upon a debt arising out of a commercial loan he is no longer obligated to pay because plaintiffs failed to seek contribution from him within three (3) years of the Bingo, Inc. note's maturity. (*See* Docket 81, p. 2 ¶ 3). On the other hand, plaintiffs argue that their action against defendant is non-commercial, brought by one joint debtor against a co-debtor, such that the fifteen (15) year statute of limitations is applicable. *See* Article 1873 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31. § 5303.

In this diversity claim, local law determines the limitations period. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Sean Fitzgerald P.P.A. v. Expressway Sewerage Constr.,* 177 F.3d 71, 74 (1st Cir.1999). In order for the Commerce Code's three (3) year limitations period to apply, the loans must be commercial in nature. *Consol. Mortgage and Fin. Corp.,* 805 F.2d at 18. To establish this, it is necessary that one of the parties to the loan be a merchant and that the loan proceeds are devoted to commercial transactions. *See* Article 229 of the Commerce Code of Puerto Rico, P.R. Laws Ann. tit. 10 § 1651; *Pescaderia Rosas v. Lozada Rivera,* 116 D.P.R. 474 (1985). Both requirements are met here. Both Sandoval and defendant were engaged in sales within the meaning of the Commerce Code, and the funds from the Bingo, Inc. note were used to purchase equipment and supplies for Bingo, Inc. *Consol. Mortgage and Fin. Corp.,* 805 F.2d at 18; (*See* Docket 90, p. 9, ¶ 4; 81, p. 2 ¶ 3). Thus, a three (3) year statute of limitations period applies to the present action.

The Bingo, Inc. note that is the subject of this action was executed on February 21, 1985. (*See* Docket 88, Exhibit VIII). According to Bank's letter, the Bingo, Inc. note reached maturity on July 7, 1989. (*See* Docket 88, Exhibit IV). Thus, the plaintiffs' right to bring an action against defendant would have expired on July 7, 1992. Sandoval, however, wrote a letter to Bank in December 1990, seeking to renegotiate his outstanding personal debt and debts he owned on behalf of Bingo, Inc. and other corporations. (*See* Docket 88, Exhibit II). In 1991, as a result of Sandoval's letter, Bank executed a note in the amount of $418,000. Unfortunately, the 1991 note between Bank and Sandoval is not contained in the record. The only reference to the terms of the 1991 note is contained in an acknowledgment letter sent by Bank on September 2, 1991. (*See* Docket 88, Exhibit III). Specifically, the letter states that Sandoval was to use the funds to "settle debts granted [him] and related corporations." The record is unclear as to whether the 1991 note between Sandoval and Bank included a renegotiation of the liability incurred from the Bingo, Inc. note. If the 1991 note included a renegotiation of the liability incurred from the Bingo, Inc. debt, this Court cannot calculate the requisite limitations period. The Court is also unable to calculate the maturity of the 1991 note to determine the relevant limitations period because the note is not contained in the record. Also of great importance is whether the 1991 note was issued to Sandoval individually or on behalf of Bingo, Inc. When deciding a motion for summary judgment, the Court's role is not to grant or deny the defendant's motion on the evidence presented, but to decide whether the evidence presented is sufficient to entitle the defendant to judgment as a matter of law. The Court finds that there is a genuine issue of material fact regarding

the 1991 note and whether said note included a renegotiation of the liability incurred from the 1985 Bingo, Inc. note. The Court also finds that there is a genuine issue of material fact regarding the maker[s] of the 1991 note. This Court thus **DENIES** the defendant's motion for summary judgment on the claim that plaintiffs' claim is time–barred.

### B. *Novation*

██ Defendant also argues that Sandoval's 1991 agreement with Bank constitutes a novation, thus extinguishing his liability for the 1985 Bingo, Inc. note. In this diversity claim, local law dictates the requirements of novation. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *FDIC v. Martínez Almodovar,* 671 F.Supp. 851, 855 (D.P.R. 1987). The Civil Code of Puerto Rico establishes stringent requirements for novation. While the defendant correctly notes that the extinction of a principal obligation also extinguishes all accessory obligations, *see* Article 1207 of the Civil Code, P.R. Laws Ann. tit. 31, § 3245, not every modification of an agreement produces extinction. *FDIC v. P.L.M. Intern., Inc.,* 834 F.2d 248, 251 (1st Cir.1987). "Novation is never presumed. The will to novate must be express and it must be established without a trace of doubt." *Id.* (citing *Warner Lambert Co. v. Superior Court,* 101 P.R.R. 527, 544, 1973 WL 35652 (1973)). The Civil Code requires that the extinction of one obligation by another either be expressly declared or compelled by the incompatibility of the two agreements. *See* Article 1204 of the Civil Code, P.R. Laws Ann. tit. 31, § 3242. Without the 1991 note (or other evidentiary support) the Court cannot determine whether Sandoval and Bank expressly stated an intention to extinguish Bingo, Inc.'s previous obligations under the 1985 note. Likewise, the Court can only speculate as to whether the 1991 agreement so completely contra-

venes Bingo, Inc.'s prior obligations as to necessitate novation. The party raising the affirmative defense of novation has the duty to proffer sufficient competent evidence of novation, specifically, evidence of the contracting parties' express intention or incompatibility of the two agreements. *Able Int'l Corp. v. B.P. Chem. Am. Inc.,* 145 F.3d 67, 68–69 (1st Cir.1998). The defendant has failed to do so here. This Court thus **DENIES** the defendant's motion for summary judgment on the grounds that plaintiffs' 1991 agreement with Bank constituted a novation.

### IV. *Conclusion*

**WHEREFORE,** for the reasons stated herein, the defendant's motion for summary judgment (Docket No. 81) is hereby **DENIED.**

**SO ORDERED.**